BENJAMIN LAW GROUP, P.C.
NA'IL BENJAMIN, ESQ. (SBN 240354)
PATRICE N. HARPER, ESQ. (SBN 225573)
1290 B Street Suite 301
Hayward, CA 94541
Telephone: (510) 897-9966
Facsimile:  (510) 439-2632
nbenjamin@benjaminlawgroup.com
patrice@benjaminlawgroup.com

Attorneys for Plaintiff
EDNA CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALICORNIA

| | |
|---|---|
| EDNA CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC MARITIME ASSOCIATION; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 10; and, DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:22-cv-07219-TLT<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Discrimination Based on Disability in Violation of Cal. Fair Employment and Housing Act ("FEHA")<br>2. Failure to Accommodate Disability in Violation of FEHA<br>3. Failure to Initiate the Interactive Process in Violation of FEHA<br>4. Discrimination Based on Gender in Violation of FEHA<br>5. Discrimination Based on Sex (California Constitution Art. I, §8)<br>6. Failure to Prevent Discrimination and Harassment in Violation of FEHA<br>7. Retaliation in Violation of FEHA<br>8. Intentional Infliction of Emotional Distress<br>9. Violation of Cal. Labor Code § 1102.5<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EDNA CAMPBELL complains and pleads as follows:

# GENERAL ALLEGATIONS

1. This is an employment discrimination action for damages by Plaintiff against PACIFIC MARITIME ASSOCIATION (herein "Defendant PMA") and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 10 (herein "Defendant ILWU) (collectively, herein "Defendants") where Plaintiff is an employee and member. The discrimination and harassment are based on Plaintiff's disability and her sex. Defendants should also be held liable for failure to provide reasonable accommodations, failure to engage in the interactive process, and failure to take reasonable steps to prevent discrimination and harassment. Plaintiff was likewise subjected to retaliation. Plaintiff seeks damages for mental and emotional distress, lost wages, and attorney's fees.

2. Defendants DOES 1-25 are sued herein under fictitious names. Their true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff. Plaintiff is informed and believes and based thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner for the events and happenings herein set forth and proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendants, and each of them." Plaintiff will amend the complaint to show their true names and capacities when they have been ascertained.

# JURISDICTION AND VENUE

3. Jurisdiction is proper because Defendants, and each of them, were doing business in the State of California. Venue is proper in San Francisco County pursuant to California Government Code Section 12965(b) because the unlawful practices alleged herein were committed in the County of San Francisco. In particular, Defendant PMA employed Plaintiff and was a member of Defendant ILWU in San Francisco County, California, and there, committed acts of discrimination, harassment and retaliation, as alleged in this Complaint.

4. The subject matter in the action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in the complaint, which exceeds $25,000.

AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. Plaintiff, in compliance with the FEHA's administrative exhaustion requirements, filed a complaint (the "DFEH Complaint") with the Department of Fair Employment and Housing ("DFEH").

6. The DFEH Complaint was filed within the requisite time limits following the unlawful conduct described in this Complaint.

7. Plaintiff received a right to sue notice.

8. This action is timely filed.

9. Any and all other prerequisites to the filing of this suit have been met.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. Ms. Campbell has been a Longshoreman since March 2005 and was promoted to B status in July 2012. Prior to her promotion, in December 2011, Ms. Campbell suffered an injury to her left hand and wrist at Tra-Pac, which resulted in surgery.

11. Ms. Campbell subsequently reinjured her hand/wrist while in tractor training at Defendant PMA's training center. As a result of these injuries, Ms. Campbell has endured three surgeries to her left hand/wrist and one to her neck, which required months of intense physical therapy and acupuncture due to her industrial injuries.

12. Recognizing the severity of her injuries but wanting to return to the work she enjoyed, Ms. Campbell applied for a medical waiver pursuant to the ADA. In what was to become a pattern, Ms. Campbell never received anything in writing from Defendant PMA or Defendant ILWU providing a decision on her request for a medical waiver. Instead, Ms. Campbell was told by Derrick Muhammad, then Secretary-Treasurer of Defendant ILWU, that Defendant PMA had approved one of the two medical accommodations ordered by her doctor, but they were not willing to provide a written decision.

13. In spite of the legal requirement that Defendant PMA and Defendant ILWU engage in an interactive process with Ms. Campbell to determine if she were capable of performing any of the myriad other jobs available at the Port, Ms. Campbell was generally met with deafening silence when trying to initiate conversations regarding her return to work and

available job opportunities. As a result of this discrimination and failure to engage in the interactive process, Ms. Campbell's working hours fell below the 800-hour threshold and she lost her insurance coverage.

14. Though Ms. Campbell repeatedly documented the discrimination she was facing in letters to Defendant ILWU and Defendant PMA officials and through the filing of grievances, both entities repeatedly ignored Ms. Campbell's pleas or, worse yet, retaliated against her for her whistle-blowing activity. Ms. Campbell has repeatedly been told that she is "the most hated woman on the Waterfront", denied rest breaks afforded to others, and been the subject of malicious rumors. More frightening is the fact that Ms. Campbell has been followed home from work and had her car keyed.

15. Another aspect of the hostile work environment Ms. Campbell faced is the overt sexual harassment to which women at the Port are subjected. Those with the ability to control work opportunities and promotions at the Port are disproportionately men. As a result, the women at the Port, including Ms. Campbell, are subjected to a steady stream of vulgar language, including use of the term "bitch", requests for sexual favors in exchange for work opportunities and physical violence.

16. Not surprisingly, Ms. Campbell was forced to take a stress leave due to the ongoing harassment, discrimination, retaliation, and overall hostile work environment to which she was subjected. As a result of Defendant PMA and Defendant ILWU's complacency and complicity in this egregious behavior, Ms. Campbell has not only suffered psychologically and emotionally but has incurred tangible financial losses.

17. Though Ms. Campbell returned to work in April 2020, she continues to be harassed and subjected to threatening and disparaging comments. Additionally, several witnesses have reported that they have been instructed not to assist Ms. Campbell while performing their duties. In one incident, Ms. Campbell repeatedly asked for assistance over the radio to no avail. When she located the "boss" and asked why he refused to communicate with her, he just smiled and said he must have had his radio on a "different frequency".

18. Yet another example of the retaliatory and discriminatory treatment to which Ms. Campbell has been subjected is a Local 10 meeting of approximately 250 members in which Ed Henderson ("Henderson"), Local 10's then Secretary-Treasurer, announced that a member of the group is a "Governmental Informant, a snitch and a Union Buster" and is a "weak" individual for going to an" outside agency" and that "the individual was not recognized or respected as an A-member with Local 10".  Those in attendance were aware that Mr. Henderson was referring to Ms. Campbell and Ms. Campbell's car was subsequently vandalized.  Though a male member of Local 10 made similar allegations to the National Labor Relations Board, he was not subjected to the same open hostility faced by Ms. Campbell.

19. Shortly thereafter, a Local 10 member posted on Facebook that the person to whom Henderson was referring would "end up face down in the water and their family would miss them".

20. As a direct result of this ongoing harassment and discrimination, Ms. Campbell has suffered significant financial losses and suffers from a myriad of disorders, including anxiety, sleeplessness, and depression.

## FIRST CAUSE OF ACTION

### Discrimination Based on Disability in Violation of FEHA

### (Against Defendants and Does 1-25)

21. Plaintiff hereby incorporates each and every paragraph set forth above as though fully re-alleged herein.

22. The Fair Employment and Housing Act (FEHA) (Govt. Code §12940) prevents employers from discriminating against individuals on the basis of disability.

23. As described above, Defendants discriminated against Plaintiff with respect to terms, conditions, and privileges of employment due to her disability in clear violation of the law.

24. As a proximate result of the conduct of the Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical

and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

25. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of said Defendants.

26. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the ignition and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of FEHA

### (Against all Defendants and DOES 1-25)

27. Plaintiff incorporates and re-alleges each and every preceding paragraph as though fully set forth herein.

28. At times relevant to this lawsuit, Plaintiff was a qualified employee of Defendant PMA who had a disability by reason of work-related injury. Despite this condition, Plaintiff was able to perform the essential functions of her employment with Defendant PMA, with or without reasonable accommodations, in an exemplary manner.

29. California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity ... to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

30. As a proximate result of the conduct of the Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment,

fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

31. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and / or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of said Defendants.

32. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the ignition and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### Failure to Initiate the Interactive Process in Violation of FEHA

### (Against all Defendants and DOES 1-25)

33. Plaintiff incorporates and re-alleges each and every preceding paragraph as though fully set forth herein.

34. California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

35. In spite of the legal requirement that Defendant PMA and Defendant ILWU engage in an interactive process with Ms. Campbell to determine if she were capable of performing any of the myriad jobs available at the Port Defendants did not do anything. Instead, Plaintiff was subjected Ms. Campbell was generally met with deafening silence when trying to initiate conversations regarding her return to work and available job opportunities.

36. As a proximate result of the conduct of the Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical

7
AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

1 and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment,
2 fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be
3 ascertained at trial.

4     37. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and
5 /or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive
6 damages in a sum appropriate to punish and make an example out of said Defendants.

7     38. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a
8 prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will
9 continue to employ attorneys for the ignition and prosecution of this action. Plaintiff has incurred
10 and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of
11 attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Discrimination Based on Gender in Violation of FEHA

### (Against all Defendants and DOES 1-25)

15     39. Plaintiff incorporates and re-alleges each and every preceding paragraph as
16 though fully set forth herein.

17     40. By doing the things described above, Defendants engaged in discrimination based
18 on Ms. Campbell's gender, in violation of Government Code §§ 12940(a) and 12925(r)(2).

19     41. Specifically, Defendants subjected Ms. Campbell to unequal and unfair terms and
20 conditions of employment including, but not limited to, repeatedly being told that she is "the
21 most hated woman on the Waterfront", denied rest breaks afforded to men, being passed over
22 for work opportunities, being the subject of malicious rumors, observing those performing
23 sexual favors receiving more work opportunities and threats of physical violence.

24     42. Such unequal and unfair treatment was based, in substantial part, on Plaintiff's
25 gender.

26     43. As a direct and proximate result of Defendants' conduct, Ms. Campbell has
27 suffered damages in an amount according to proof at trial.

28

### FIFTH CAUSE OF ACTION

### Discrimination Based on Sex (California Constitution Art. I, §8)

### (Against all Defendants and DOES 1-25)

44. Plaintiff incorporates and re-alleges each and every preceding paragraph as though fully set forth herein.

45. California Constitution, Section 8 *prohibits a person from being disqualified* from entering a or pursuing business, profession, vocation, or *employment* because of *sex*, race, creed, color, or national, or ethnic origin.

46. Since returning to work in April 2020 and being promoted to "A" status as a result of an order from the National Labor Relations Board, Ms. Campbell continues to be deprived of the work opportunities afforded similarly situated individuals.

47. Specifically, Defendants subjected Ms. Campbell to unequal and unfair terms and conditions of employment including, but not limited to, repeatedly being told that she is "the most hated woman on the Waterfront", denied rest breaks afforded to men, being passed over for work opportunities, being the subject of malicious rumors, observing those performing sexual favors receiving more work opportunities and threats of physical violence.

48. As a direct and proximate result of Defendants' conduct, Ms. Campbell has suffered damages in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Harassment in Violation of FEHA

### (Against all Defendants and DOES 1-25)

49. Plaintiff incorporates and re-alleges each and every preceding paragraph although fully set forth herein.

50. Government Code § 12940(k) was in full force and effect and was binding upon Defendants and provides as follows: "It shall be an unlawful employment practice, [f]or an employer…to fail to take all reasonable steps necessary to prevent discrimination and harassment

from occurring." Defendants violated this provision by failing to prevent harassment and discrimination against Plaintiff, including the harassment and discrimination described above.

51. By failing to take all reasonable steps to prevent discrimination and harassment from occurring, Defendants clearly violated Government Code § 12940(k).

52. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

53. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

54. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

55. Plaintiff has also incurred and continues to incur attorney's fees and legal expenses and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

## SEVENTH CAUSE OF ACTION

**Retaliation in Violation of FEHA**

**(Against all Defendants and DOES 1-25)**

56. Plaintiff incorporates and re-alleges each and every preceding paragraph although fully set forth herein.

57. At all times herein, Government Code §12940(h) was in full force and effect and was binding upon Defendants. It provides that it is unlawful for an employer to discriminate and take adverse actions against an employee because she opposed unlawful harassment and discrimination. Cal. Gov't Code §12940(h).

58. As set forth more fully above, Plaintiff who suffered from a work-related disability was discriminated against and harassed by Defendants and some of her co-employees

and supervisors. Moreover, she suffered discrimination based on her sex and gender as she was subjected to a hostile work environment in which her unwillingness to engage in sexual activity with superordinates resulted in less work opportunities than for those willing to maintain sexual relationships.   She complained about the discrimination and harassment. After her complaints, however, she suffered retaliatory actions from the Defendants.

59.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

60.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

61.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code § 3294 in an amount to be determined at trial according to proof.

62.     Plaintiff has also incurred and continues to incur attorney's fees and legal expenses and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

## EIGHTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Against all Defendants and DOES 1-25)**

63.     Plaintiff incorporates and re-alleges each and every preceding paragraph although fully set forth herein.

64.     Defendants through its employees and supervisors often blatantly discriminated, harassed and humiliated Plaintiff openly in front of other employees. Plaintiff was even branded, "the most hated woman in the Waterfront."

65.     In fact, Plaintiff was forced to take a stress leave due to the ongoing harassment, discrimination, retaliation, and overall hostile work environment to which she was subjected.

66. Defendants' conduct was outrageous, threatening, and consistently humiliated and abused Plaintiff at work. Defendants also clearly intended to inflict emotional distress upon Plaintiff.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer severe emotional injuries, including anxiety requiring medication, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, and discomfort.

## NINTH CAUSE OF ACTION

### Violation of Cal. Labor Code § 1102.5

### (Against all Defendants and DOES 1-25)

68. Plaintiff incorporates and re-alleges each and every preceding paragraph although fully set forth herein.

69. Cal. Labor Code § 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written health and/or safety complaint, or complaint regarding working conditions, to a governmental agency, or their employer.

70. Defendants, and each of them, adversely affected Plaintiff's employment, and further discriminated against Plaintiff after Plaintiff made oral and/or written complaints regarding health, safety and/or working conditions to Defendants, her employers, by and through their agents and employees.

71. Plaintiff is informed and believed, and thereon alleges that because of her making complaints regarding health, safety and/or working conditions to Defendants, her employers, Plaintiff was adversely affected in her employment and/or otherwise discriminated against by Defendants after she had made complaints about workplace issues.

72. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

73. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

74. Defendants' actions constituted a willful violation of the above- mentioned state laws. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related the loss of wages and are entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law and her respective damage amounts according to proof at time of trial.

75. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

76. Defendants, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

77. Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

**PRAYER FOR RELIEF**

Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows and that the Court grant the following relief:

1. For general damages according to proof, on each cause of action for which such damages are available;

2. For punitive damages according to proof, on each cause of action for which such damages are available;

3. For compensatory damages, according to proof on each cause of action for which such damages are available;

4. For special damages, according to proof on each cause of action for which such damages are available;

5. For reasonable attorneys' fees, according to proof on each cause of action for which such damages are available;

6. For prejudgment and post-judgment interest, according to proof on each cause of action for which such damages are available;

7. For equitable relief to the extent available under law;

8. For such other and further relief as the Court deems proper and just.

Dated: February 13, 2023

                            BENJAMIN LAW GROUP, P.C.

By _____
    PATRICE N. HARPER, ESQ.
    Attorney for Plaintiff
    EDNA CAMPBELL

## **DEMAND FOR JURY TRIAL**

Plaintiff EDNA CAMPBELL hereby requests a jury trial on all claims so triable.

Dated: February 13, 2023

                        BENJAMIN LAW GROUP, P.C.

                        By_____
                            PATRICE N. HARPER, ESQ.
                            Attorney for Plaintiff
                            EDNA CAMPBELL