UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA CAMPBELL,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATION, et al.,<br><br>        Defendants. | Case No.  22-cv-07219-TLT<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED AND WHY PLAINTIFF'S MOTION TO REMAND SHOULD NOT BE STRICKEN FOR FAILURE TO COMPLY WITH THE COURT'S ORDER** |

On May 5, 2023, the Court held a hearing on Defendants Pacific Maritime Association and International Longshore and Warehouse Union Local 10's (collectively, "Defendants") Joint Motion to Dismiss Plaintiff Edna Campbell's ("Plaintiff") First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 42.  At the hearing, the Court granted Plaintiff leave to file a five-page motion to remand.  *Id.*

On May 6, 2023, the Court issued a text order setting a briefing schedule for Plaintiff's anticipated motion to remand.  ECF No. 43.  The Court ordered Plaintiff to file "her motion to remand by May 16, 2023.  Defendants shall file any response or opposition to the motion by May 30, 2023.  Plaintiff may file a reply by June 6, 2023.  The matter will then be taken under submission without oral argument pursuant to Civil Local Rule 7-1(b)."  *Id.*

On May 16, 2023, Plaintiff filed a 26-page document titled "Opposition to defendants Pacific Maritime Association and International Longshore and Warehouse Union Local 10's Joint Notice of Motion and Motion to Dismiss Plaintiff's Complaint."  ECF No. 45.  Not only has Plaintiff failed to comply with the Court's five-page limit requirement, but more importantly, Plaintiff's renewed opposition seeks to reargue written and oral arguments Plaintiff previously made to the Court in her original opposition to Defendants' motion and at the motion hearing.

Compare ECF No. 36 with ECF No. 45. Under Civil Local Rule 7-9(c), Plaintiff may not reargue any written or oral arguments previously made to the Court, and "[a]ny party who violates this restriction shall be subject to appropriate sanctions." Civ. L.R. 7-9(c). Accordingly, Plaintiff is **ORDERED** to show cause why the Court should not impose sanctions for failure to comply with the Court's Order and why Plaintiff's motion to remand should not be stricken. Plaintiff shall respond to this Order to Show Cause and comply with the Court's original order by **June 2, 2023**.

If Plaintiff seeks to file an untimely motion to remand, she must submit a request to do so showing good cause for her failure to comply with the deadline imposed by the Court and must submit her proposed motion to remand with the request. If Plaintiff fails to file a response to this Order to Show Cause by the deadline, the Court will strike Plaintiff's "Opposition to defendants Pacific Maritime Association and International Longshore and Warehouse Union Local 10's Joint Notice of Motion and Motion to Dismiss Plaintiff's Complaint" with prejudice and without further notice to Plaintiff. If Plaintiff seeks to file an untimely motion to remand, and if the Court grants that request, the Court shall set new deadlines for Defendants to file an opposition and for Plaintiff to file a reply brief. Accordingly, the deadlines set by the Court's previous briefing schedule (ECF No. 43) are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
TRINA L. THOMPSON
United States District Judge